727 P.2d 70

**Inquiry Concerning a Judge: In the Matter of Judge Lidio G. RAINALDI.**

No. 16559.

Supreme Court of New Mexico.

Oct. 30, 1986.

Samuel W. Jones, Director, Judicial Standards Com'n, Albuquerque, for Com'n.

Lidio G. Rainaldi, Mun. Court Judge, Gallup, Pro Se.

## OPINION

PER CURIAM.

This matter having come before this Court on September 8, 1986, upon referral by the Judicial Standards Commission (Commission) after a hearing on the matter. The Commission found that Judge Lidio G. Rainaldi, in his position as municipal judge and as both owner and director of Driving While Intoxicated (DWI) School, violated NMSA 1978, Code of Judicial Conduct, Canons 2 and 5 (Repl.Pamp.1985). In the dual roles, the Commission found that Judge Rainaldi's actions create an appearance of impropriety and that his financial dealings tend to reflect adversely on his impartiality. He has a direct pecuniary interest in having individuals initially appear before him in court and then attend the DWI School of which he is owner and director.

In his position as director of the DWI School, Judge Rainaldi was acting under City of Gallup ordinance 1–25–2, that provides that "[t]he municipal judge may, at his option, be the director of the 'Driving While Intoxicated School' approved by the New Mexico Division of Motor Vehicles * * *." In this capacity, Judge Rainaldi was paid $5,000 per year. At the same time, Judge Rainaldi was the elected municipal judge of Gallup, New Mexico. In his capacity of both positions, Judge Rainaldi is in direct conflict with Canon 5D(1). Canon 5(D) provides in pertinent part that, "[a] judge shall refrain from financial and business dealings that tend to reflect adversely on his impartiality. * * *" Judge Rainaldi violates this Canon because he had a direct financial gain from the people who attended the Gallup DWI School, many of who he sentenced to attend. Moreover, Canon 2(A) states that, "[a] judge shall * * conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Judge Rainaldi's actions similarly violate this Canon.

We see no possible way, without a conflict of interest, that Judge Rainaldi or any member of his family may have an interest in the Gallup DWI School while he is municipal judge. Even if he received no compensation as either director or as an owner, the appearance of partiality is evident. The existence of the school is directly related to the number of people who are sentenced in Judge Rainaldi's court.

The Commission recommended in its findings of fact, conclusions of law, and recommendations that the Supreme Court order Judge Rainaldi to cease the "simulta-

neous performance of his duties as judge and ownership in the corporation operating the DWI School." Further, the Commission recommended that Judge Rainaldi "be prohibited from referring defendants who appear in his court to a DWI School in which his relatives have an ownership interest."

After the Commission filed its findings, conclusions, and recommendations, Judge Rainaldi informed the Supreme Court that he had voluntarily closed his school rendering the issue moot.

Because of the need to inform judges statewide that this type of conduct is improper, we adopt the findings, conclusions, and recommendations of the Judicial Standards Commission.

It is further ordered that the Clerk of the Supreme Court publish this opinion in the State Bar of New Mexico *News and Views* and *New Mexico Reports.*

IT IS SO ORDERED.